IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

McALLEN DIVISION

| | | |
|---|---|---|
| HEIDI GARZA, | § | |
|     Plaintiff | § | |
| | § | |
| VS | § | **CIVIL ACTION NO. 7:23-cv-00262** |
| | § | |
| HOME DEPOT U.S.A., INC. and | § | JURY REQUESTED |
| ELECTRIC EEL MANUFACTURING | § | |
| CO., INC., | § | |
|     Defendants | § | |

## ANSWER

NOW INTO COURT, comes Defendant, Home Depot U.S.A., Inc. ("THD"), for answer to the Petition of Heidi Garza, with respect represents:

### FIRST DEFENSE

The Petition fails to state of a cause of action upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's action is time-barred under the applicable statute of limitations.

### THIRD DEFENSE

NOW, FOR ANSWER to the specific allegations of Plaintiff's Petition, THD avers as follows:

1.

The allegations contained in Paragraph 1 are not allegations of fact to which responsive pleadings is required.

2.

The allegations contained in Paragraph 2 are admitted.

3.

The allegations contained in Paragraph 3 are admitted.

4.

The allegations contained in Paragraph 4 are not directed toward this Defendant and, therefore, require no answer.

5.

The allegations contained in Paragraph 5 are not allegations to which responsive pleading is required.

6.

The allegations contained in Paragraph 6 are admitted and that this case has been properly removed to the United States District Court for the Southern District of Texas.

7.

The allegations contained in Paragraph 7 are admitted.

8.

The allegations contained in Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 12 are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 are denied for lack of sufficient information to justify a belief therein.

14-18.

The allegations contained in Paragraphs 14, 15, 16, 17, and 18 are denied for lack of sufficient information to justify a belief therein.

19.

In response to the allegations of Paragraph 19, THD adopts and realleges its response to the prior paragraphs.

20.

The allegations contained in Paragraph 20 are not allegations to which responsive pleading is required, but should this Honorable Court require answer, same are denied.

21-22.

The allegations contained in Paragraphs 21 and 22 require no response.

23.

The allegations contained in Paragraph 23 are not directed toward THD and, therefore, require no response.

24.

The allegations contained in Paragraph 24 are denied for lack of sufficient information to justify a belief therein.

25.

The allegations contained in Paragraph 25 are not allegations of fact to which responsive pleading is required; but, should this Honorable Court require answer, same are denied.

26.

The allegations contained in Paragraph 26 are denied for lack of sufficient information to justify a belief therein.

27-28.

The allegations contained in Paragraphs 27 and 28 are not directed to THD and, therefore, require no response.

29-30.

The allegations contained in Paragraphs 29 and 30 require no response.

31.

The allegations contained in Paragraph 31 are not allegations of fact to which responsive pleading is required; but, should this Honorable Court require answer, same are denied.

32.

The allegations contained in Paragraph 32 are denied.

33.

The allegations contained in Paragraph 33 are denied.

34-41.

The allegations contained in Paragraphs 34, 35, 36, 37, 28, 39, 40, and 41 are not directed toward THD and, therefore, require no answer.

42.

The allegations contained in Paragraph 42 require no response.

43.

The allegations contained in Paragraph 43 are denied.

44.

The allegations contained in Paragraph 44 are denied.

45.

The allegations contained in Paragraph 45 are denied for lack of sufficient information to justify a belief therein.

46-47.

The allegations contained in Paragraphs 46 and 47 require no answer, but THD affirmatively denies that Plaintiff is entitled to any relief against it.

## **FOURTH DEFENSE**

THD pleads that the alleged accident and injuries complained of by Plaintiff were caused by her fault or the fault of others for which THD Is not responsible.

## FIFTH DEFENSE

In the alternative, THD pleads that in the event THD is found to be at fault, which is denied, Plaintiff's comparative fault is pled as a bar to or in mitigation of her recovery.

## SIXTH DEFENSE

THD adopts by reference all defenses asserted by its co-defendant, Electric Eel Manufacturing, Co., Inc.

## SEVENTH DEFENSE

THD adopts by reference any applicable Texas statute limiting Plaintiff's right to recovery.

WHEREFORE, THD prays that after due proceedings had, there be Judgment dismissing Plaintiff's Complaint against THD with prejudice and for all other general and equitable relief.

Respectfully submitted,

By: ___/s/ Robert L. Redfearn, Jr._____
       Robert L. Redfearn, Jr.
Texas Bar No. 16663950
Email:  robertjr@spsr-law.com

OF COUNSEL:

Simon, Peragine, Smith & Redfearn, LLP
Energy Centre
1100 Poydras Street, 30th Floor
New Orleans, Louisiana 70163
504-569-2030
Fax 504-569-2999

ATTORNEYS FOR DEFENDANT
HOME DEPOT U.S.A., INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Notice of Removal was served upon all counsel of record, to-wit:

> Ryan Toomey
> Email:  ryan@ramosjames.com
> Ramos James Law, PLLC
> P. O. Box 164171
> Austin, Texas 78716
> Attorneys for Plaintiff
>
> Jaime A. Saenz
> Email:  ja.saenz@rcclaw.com
> Alison W. Colvin
> Email:  aw.colvin@rcclaw.com
> Colvin, Saenz, Rodriguez & Kennamer, LLP
> 1201 E. Van Buren Street
> Brownsville, Texas 78520
> Attorney for Defendant Electric Eel Manufacturing Co., Inc.

by ECF delivery, electronic transmission, certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 22nd day of August, 2023.

> ___/s/ Robert L. Redfearn, Jr._____
> Robert L. Redfearn, Jr.